UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENDY W. GUILLORY | * | CIVIL ACTION NO. |
| | * | |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| BIG LOTS STORES, INC. AND | * | |
| ABC INSURANCE | * | MAGISTRATE |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

Defendant, Big Lots Stores, Inc., ("Big Lots") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action to Federal Court for the Eastern District of Louisiana. In support of removal, respectfully assert the following:

1.

On November 15, 2013, Plaintiff, Wendy W. Guillory, ("Plaintiff"), a resident domiciled in the the State of Louisiana, filed her Petition for Damages entitled, "Wendy W. Guillory v. Big Lots Stores, Stores, Inc., and ABC Insurance", in the 22nd Judicial District Court for St. Tammany Parish, State of State of Louisiana, Division C, bearing suit number 2013-15364 ("Lawsuit"). Plaintiff served Big Lots Lots through its registered agent for service of process on December 5, 2013. Copies of the state state court record, including plaintiff's Petition for Damages and Citation, is attached *in globo* as Exhibit "A."

2.

Defendant first received the Citation and Petition for Damages on December 5, 2013. This Notice of Removal is timely because it is filed within thirty (30) days of service of process upon Defendant.

3.

The basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332, because: (1) complete diversity of citizenship between Plaintiff and Defendant exists, and (2) the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

4.

Plaintiff asserts that she is at the present time a resident, citizen and domiciliary of the State of Louisiana.   See Exhibit A.

5.

Big Lots is an Ohio corporation with its principal place of business in Columbus, Ohio.

6.

Accordingly, complete diversity of citizenship between Plaintiff and Defendant at the time Plaintiff's Petition was filed, and complete diversity of citizenship exists at the time of removal.

### **AMOUNT IN CONTROVERSY**

7.

Louisiana law does not allow a plaintiff to plead a specific amount of damages, but does expressly allow a plaintiff to lead "more" or "less" than the jurisdictional amount. *See* LA. CODE CIV. PROC. Ann. art. 893(a). Plaintiff's Petition does not express either regarding the jurisdictional amount.

8.

A clear framework has been established for resolving disputes as to the amount in controversy in actions removed from Louisiana state courts. Since plaintiffs may not by law plead specific damages in a Petition, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Gebbia v. Wal Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d, 295, 298 (5th Cir. 1999)). Where, as here, damage amounts are not set forth in the Plaintiff's Petition, the amount in controversy requirement for removal is determined from a fair reading of plaintiff's complaint or a reasonable extrapolation from allegations contained therein. *Felton v. Greyhound Lines, Inc.*, 324 F.3d. 771 (5th Cir. 2003); *see also De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

9.

Examination of the face of Plaintiff's Petition establishes that the amount in controversy could could more likely than not exceed $75,000. In her Petition, Plaintiff alleges that she "slipped and fell fell on what appeared to be oil that had been spilled on the floor, causing her severe injuries. As a

As a result, Guillory sustained extreme personal injuries." See, Paragraph III of the Petition, attached as Exhibit A. She further seeks medical expenses incurred as a result of the incident, which she contends she continue to incur. See, Paragraphs IV and V of the Petition, attached as as Exhibit A.

10.

Defendant has a good faith and plausible belief that Plaintiff's suit could reasonably exceed the $ 75,000.00 limit based on the allegations of the Petition. Undersigned counsel has been unable to obtain any information regarding the alleged injuries from Plaintiff's counsel other than what is alleged in the Petition, which Defendant has relied on to make this determination. Plaintiff's counsel has been unable to provide any further information regarding the nature and severity of Plaintiff's injuries, and any medical treatment, but is unwilling to stipulate that the damages are less thant the jurisidictional amount for removal purposes.

11.

This action is one to which the United States District Court is given original jurisdiction under 28 U.S.C. § 1332 and the removal jurisdiction of this Court is properly invoked under 28 U.S.C. § 1441.

12.

Venue is proper because Defendant is removing this case to the federal district court embracing the place where the state court action was filed, as required by 28 U.S.C. § 1441(a).

13.

Written notice of the filing of this Notice of Removal will be served upon all adverse parties as required by 28 U.S.C. § 1446(d).  A copy of the State Court Notice of Removal is attached as Exhibit "B."

14.

A copy of this Notice of Removal will be filed with the Clerk of the 22nd Judicial District Court for the St. Tammany Parish as required by 28 U.S.C. § 1446(d).

15.

Defendant further requests a trial by jury.

16.

Undersigned counsel has no objections to the removal.

17.

This action is being removed without any waiver of any exception, defense or objection, state or federal, including but not limited to prematurity and vagueness, and lack of amicable demand.

**WHEREFORE**, Defendant, Big Lots Stores, Inc., prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid complaint be removed from State Court to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from said State Court, and thereupon proceed with this civil action as if it had originally been commenced in this Court.

Respectfully submitted:

/s/ Kelly E. Theard
JOHN JERRY GLAS #24434
KELLY THEARD #29445
DEUTSCH, KERRIGAN & STILES
755 Magazine Street
New Orleans LA 70130
Phone: 504-593-0635
Fax: 504-566-4035
jglas@dkslaw.com
ktheard@dkslaw.com
*Attorneys for the Defendant, Big Lots Stores, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 3rd day of January, 2014 served a copy of the foregoing Notice of Removal on counsel for all parties to this proceeding by mailing the same by United States mail properly addressed, and first class postage prepaid.

/s/ Kelly E. Theard
KELLY E. THEARD