# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WENDY W. GUILLORY**                                    **CIVIL ACTION**

**VERSUS**                                                       **NO. 14-26**

**BIG LOTS STROES, INC., et al**                    **SECTION: "G"(3)**

## ORDER AND REASONS

This litigation arises out of Plaintiff Wendy W. Guillory's ("Plaintiff") claims for damages following an alleged fall at the Big Lots store in Covington, Louisiana. Plaintiff originally filed this action in state court, but Defendant Big Lot Stores, Inc. ("Defendant") removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Upon review of this matter, it appears that the Court does not have subject matter jurisdiction over this case. Even if the plaintiff does not file a motion to remand, the Court must address the jurisdiction issue *sua sponte* since a "party may neither consent to nor waive federal subject matter jurisdiction."[2] "[S]ubject matter delineations must be policed by the courts on their own initiative."[3] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4]

## I. Background

### A.     Factual Background

Plaintiff alleges that on or about July 15, 2013, Wendy Guillory was shopping at the Big Lots

---

[1] Rec. Doc. 1.

[2] *Simon v . Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[3] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

[4] 28 U.S.C. § 1447(c).

store in Covington, Louisiana.[5] According to her petition, Plaintiff "slipped and fell on what appeared to be oil that had been spilled on the floor, causing her severe injuries."[6] As a result of the incident, Plaintiff "sustained extreme personal injuries."[7]

## B.    Procedural Background

On November 15, 2013, Plaintiff filed suit in Louisiana state court, claiming that Defendant's employees "were negligent in creating and/or neglecting the area of the spill,"[8] and that Defendant "is vicariously liable for the negligence acts [sic] of its employees under *respondiat superior*."[9] Plaintiff further asserts that Defendant is "strictly liable as the custodian of the building with an inherent dangerous condition under LA CC Art. 2322 and [is] strictly negligent under LA CC Art. 2317."[10] Additionally, Plaintiff alleges that Defendant is "liable to plaintiff under negligence theory and/or  La. R.S. 9:2800.6 because defendant[] knew or should have known of the unsafe conditions of the flooring in Big Lots . . . either by other customers, employees, or maintenance and/or janitorial crews, which caused an unreasonable risk of injury that was reasonably foreseeable and was the cause in fact of the severe injuries sustained by Guillory."[11] In her petition, Plaintiff claims that she "has suffered special damages in the form of medical expenses incurred as a result if [sic] the incident/accident and will continue to incur medical expenses as a result of the

---

[5] Rec. Doc. 1-1 at p. 9.

[6] *Id.* at p. 9.

[7] *Id.*

[8] *Id.* at p. 10.

[9] *Id.*

[10] *Id.*

[11] *Id.*

incident/accident, all of which she is entitled to recover."[12]

On January 3, 2014, Defendant removed the suit to federal court on the basis of diversity jurisdiction.[13] In its Notice of Removal, Defendant states:

> Defendant has a good faith and plausible belief that Plaintiff's suit could reasonably exceed the $75,000.00 limit based on the allegations of the Petition. Undersigned counsel has been unable to obtain any information regarding the alleged injuries from Plaintiff's counsel other than what is alleged in the Petition, which Defendant has relied on to make this determination. Plaintiff's counsel has been unable to provide any further information regarding the nature and severity of Plaintiff's injuries, and any medical treatment, but is unwilling to stipulate that the damages are less thant [sic] the jurisdictional amount for removal purposes.[14]

Upon review of the Notice of Removal, it came to the Court's attention that it may not have subject-matter jurisdiction over this case. On January 7, 2014, the Court ordered the parties to submit summary-judgment type evidence regarding the amount in controversy at the time of removal.[15]

On January 16, 2014, Defendant filed a memorandum arguing that it had "satisfied its burden of evidencing the requisite amount in controversy existed at the time of removal based on Plaintiff's allegations of 'severe' and 'extreme' injuries which she continues to be treated for at 'several medical facilities' more than six months after the alleged incident and her allegations for past, present and future general and special damages (which continue to accrue) plus attorney's fees and interest."[16]

On January 17, 2014, Plaintiff filed a memorandum explaining that the amount of her

---

[12] *Id.*

[13] Rec. Doc. 1.

[14] *Id.* at p. 4.

[15] Rec. Doc. 3.

[16] Rec. Doc. 6 at p. 3.

damages are unknown:

> Just prior to filing its Motion to Remove, Defendant did in fact request a stipulation from Plaintiff asking her to agree that the damages in this matter will not exceed $75,000.00. Plaintiff respectfully responded to Defendant that she could not stipulate that the damages are below $75,000, because it is unknown at this time what her damages actually are. It should be noted that Plaintiff is still treating for her injuries sustained.
>
> To complicate matters, Plaintiff was involved in a Motor Vehicle Accident on or about August 9, 2013 and alleges injuries as a result of said accident as the motor vehicle accident occurred nearly (4) four weeks subsequent to the fall [at] Big Lots Stores. Plaintiff's doctors are still trying to determine which accident caused which injuries and what percentage of damages are associated with same.[17]

## II. Law and Analysis

### A. Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[18] The removing party bears the burden of demonstrating that federal jurisdiction exists.[19] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[20] If any doubt remains as to jurisdiction, the Court should construe ambiguities against removal and remand the case.[21]

---

[17] Rec. Doc. 7 at pp. 1–2.

[18] *See* 28 U.S.C. § 1441(a).

[19] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[20] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[21] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 868, 872 ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979) ("[I]t is axiomatic that ambiguities are generally construed against removal. . . .").

4

**B.**     **Amount in Controversy**

Under Fifth Circuit caselaw, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[22] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[23] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[24] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[25]

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[26] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[27] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[28] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal

---

[22] *See Allen*, 63 F.3d at 1335.

[23] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[24] *Id.*

[25] *Id.*

[26] *See* La. Code Civ. P. art. 893.

[27] *Id.*

[28] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

petition, but sometimes by affidavit—that support a finding of the requisite amount."[29] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[30] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[31]

## C.    Analysis

In support of its position that the amount in controversy exceeds $75,000 Defendant points to the allegations of the Petition. Specifically, the Petition alleges that Plaintiff "sustained extreme personal injuries" after a slip-and-fall at a Big Lots store.[32] The Petition further states that Plaintiff "proceeded to several medical facilities to treat her injuries"[33] and that Plaintiff "has suffered special damages in the form of medical expenses incurred as a result if [sic] the incident/accident and will continue to incur medical expenses as a result of the incident/accident, all of which she is entitled to recover."[34]

In its Notice of Removal and supplemental memorandum, Defendant fails to provide any additional information that would enable the Court to assess the amount in controversy. Defendant offers no description of the nature of the alleged injuries, no description of the treatment Plaintiff

---

[29] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[30]  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[31] *Allen*, 63 F.3d at 1335.

[32] Rec. Doc. 1-1 at p. 9.

[33] *Id.* at p. 10.

[34] *Id.*

has received, and no estimate of the medical expenses Plaintiff has incurred. As Plaintiff's memorandum indicates, Plaintiff herself is unsure what the damages from the alleged slip-and-fall are. Although Plaintiff's counsel has failed to stipulate that his client's claims do not exceed $75,00, a failure to stipulate is not conclusive evidence that the jurisdictional amount is satisfied.[35]

### III. Conclusion

Federal courts are courts of limited jurisdiction, and thus "removal statute[s] should be strictly construed in favor of remand."[36] In this case, Defendant has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[37] Considering that neither party has provided any information on the nature of the alleged injuries, the treatment Plaintiff has received, or the medical expenses Plaintiff has incurred,

**IT IS HEREBY ORDERED** that the above-captioned matter is remanded to state court.

**NEW ORLEANS, LOUISIANA**, this 14th day of July, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[35] *See, e.g., Carbajal v. Caskids Oil Operating Co.*, 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 18, 2006) (Africk, J.) ("[A] failure to stipulate is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a plaintiff's motion to remand."); *Buchana v. Wal-Mart Stores, Inc.*, 99-2783, 1999 WL 1044336, at *3 (E.D. La. Nov. 17, 1999) (Vance, J.) ("Although some courts have considered failure to stipulate in deciding whether remand, courts in this district and others have found that that factor alone does not satisfy a defendant's burden.").

[36] *Manguno*, 276 F.3d at 723.

[37] *Gebbia*, 233 F.3d at 882; *Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.